IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RYANNE PARKER,

    Plaintiff,

VS.                                                  No. 18-1236-STA-jay

WEST CARROLL SPECIAL
SCHOOL DISTRICT, et al.,

    Defendants.

---

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE FOR DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

On April 11, 2019, Magistrate Judge Jon A. York filed his Report and Recommendation that the *pro se* complaint filed in this matter should be dismissed *sua sponte* for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). (ECF No. 13.) The Magistrate Judge found that Plaintiff had filed her complaint pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. Plaintiff alleged the following claims: outrageous conduct, misuse and abuse of power and authority, false arrest, terroristic threats, discrimination, retaliation, and negligence in violation of the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

The Magistrate Judge recommended that the Title VII claim be dismissed in its entirety because Plaintiff did not allege that she was employed by any of the Defendants. Next, he recommended dismissal of the § 1983 claims against Defendants West Carroll Special School District, the Trezevant Police Department, and Dexter Williams as barred due to the statute of

limitations. Additionally, he recommended dismissal of the claims against Plaintiff's attorney, Steven West, during her disorderly conduct criminal case because West was not acting under color of state law as required to state a claim under § 1983. The claims against the state witnesses were recommended to be dismissed because witnesses in a court proceeding are absolutely immune from civil liability based on their testimony. The remaining claims were recommended to be dismissed as legal conclusions and/or based on state law without federal jurisdiction.

## Objections

If a party objects within the allotted time to a Report and Recommendation, as did Plaintiff (ECF No. 14), the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1); *see also* Fed. R. Civ. P. 72(b). Parties must file specific objections. "[T]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 2001 WL 303507 *1 (6th Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Because a "general objection to the entirety of the magistrate's report has the same effects as would a failure to object," *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991), to the extent that Plaintiff has made "vague, general, or conclusory objections," such as recitations from previous pleadings, those objections are waived, and the Court will consider only the portions of the Report and Recommendation to which Plaintiff has made specific objections.

First, Plaintiff complains that it took four months for her complaint to be screened by the Magistrate Judge and for her motions to be ruled on. In light of the Court's heavy caseload, four

2

months does not appear to be an undue delay.  Even without a heavy caseload, four months in the judicial system is a relatively short amount of time.

Plaintiff also contends that the Magistrate Judge "used his broad discretion to help powerful defendants continue to persecute a weak and financially strained plaintiff and violate her constitutional rights." (Obj. p. 1, ECF No. 14.)  Plaintiff has presented no factual basis to support her claim of bias on the part of the Magistrate Judge.

Next, Plaintiff contends that Attorney West was negligent in defending her during her criminal case.  The Magistrate Judge recommended dismissal of the claims against Attorney West, not because of a finding that he was not negligent, but because there was no allegation that he acted under color of state law.

The Court has reviewed the allegations of the complaint, the Report and Recommendation, and Plaintiff's objections and finds that the Magistrate Judge correctly applied the applicable law to Plaintiff's claims.  Plaintiff has pointed to no law or facts to show that Magistrate Judge York was inaccurate in finding that her claims should be dismissed.  Thus, the Court adopts the recommendation that all claims be dismissed *sua sponte*.

Summary and Conclusion

Because Magistrate Judge York correctly determined that this matter should be dismissed *sua sponte*, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED.**  Plaintiff's motion to file audio recording (ECF No. 3), motion to add defendants (ECF No. 7), motion to attach decision letter (ECF No. 11), and motion for U.S. Marshal to serve summons and complaint (ECF No. 12) are **DENIED** as moot.

Appellate Issues

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that the complaint should be dismissed *sua sponte* but the action has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint *sua* sponte also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full appellate

filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[1]

**IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      CHIEF UNITED STATES DISTRICT JUDGE

                                      Date: April 23, 2019

---

[1] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this Court copies of documents intended for filing in the Sixth Circuit.